KAREN P. HEWITT
United States Attorney
A. DALE BLANKENSHIP
Assistant U.S. Attorney
California State Bar No. 235960
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6199/(619) 235-2757 (Fax)
Email: Dale.Blankenship@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR0293-LAB |
| Plaintiff, | |
| v. | DATE:  March 17, 2008<br>TIME:  2:00 p.m. |
| LUIS ARNOLDO-AREVALO, | GOVERNMENT'S SUPPLEMENTAL RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO: |
| Defendant. | |
| | (1) DISMISS THE INDICTMENT DUE TO INVALID DEPORT |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel KAREN P. HEWITT, United States Attorney, and A. DALE BLANKENSHIP, Assistant U.S. Attorney, hereby files its Supplemental Response and Opposition to the motion to dismiss the indictment due to an invalid deportation filed on behalf of Luis Arnoldo-Arevalo("Defendant"). This Supplemental Response and Opposition is based upon the files and records of this case.

//

//

//

//

//

//

**I**

**STATEMENT OF CASE**

On February 6, 2008, a federal grand jury in the Southern District of California returned a one-count indictment charging defendant with attempted entry after deportation, in violation of Title 8, United States Code, Section 1326. On February 7, 2008, Defendant was arraigned on the indictment and entered a plea of not guilty.

**II**

**STATEMENT OF FACTS**

The Government incorporates by reference the statement of facts provided in the Government's response and opposition to Defendant's motions dated March 10, 2008.

**III**

**DISCUSSION**

**A.   DEFENDANT'S ADMINISTRATIVE REMOVAL WAS VALID**

Defendant asserts in his motion to dismiss the Indictment that his deportation was invalid because it stemmed from a flawed administrative removal process. Defendant asserts that he was denied due process during his removal proceeding because the immigration officer did not provide him with a list of free attorneys; he was not advised of his right to an attorney in the Spanish language; and he did not understand the proceedings because the proceedings were not explained to him in the Spanish language.

To support his contentions, Defendant filed a declaration alleging that "[m]y attorney has shown me a two-page document titled, 'Notice of Intent to Issue a Final Administrative Removal Order.' This form was not presented to me, or read to me, in Spanish, on or about February 26." Defendant's declaration also stated that he did not receive a list of free legal services "[a]t the time the form was presented to me . . ."

This sworn statement by Defendant is contradicted by the Government's Supplemental Exhibit 1 ("Supp. Exhibit 1"). The Government's Supp. Exhibit 1 is a declaration by Immigration and Customs Enforcement Agent Fernando Valenzuela. According to Agent Valenzuela, he is a native Spanish speaker who reads and speaks Spanish and English fluently. Moreover, Agent

1  Valenzuela indicates that he typically asks subjects what language they prefer, Spanish or English.
2  If there is any doubt about the subjects ability to proceed in English, Agent Valenzuela conducts the
3  proceedings in Spanish.  Agent Valenzuela indicates that Form I-851 (Notice of Intent to Issue a
4  Final Administrative Removal Order) includes a section indicating the language used to explain the
5  form to the subject.  According to Agent Valenzuela's declaration, Defendant's Form I-851 dated
6  February 10, 2006, was explained to him in Spanish as indicated by the markings on the form.
7  (Defendant's Form I-851 was provided in Government's response and opposition to Defendant's
8  motions as Exhibit 1.)  Agent Valenzuela explained that it appears that Defendant inadvertently
9  signed his name on the line indicated for the interpreter, which is where Agent Valenzuela would
10 have signed.

11    Given the Agent Valenzuela's proficiency in the Spanish language, it is incomprehensible
12 that he would intentionally speak to Defendant in English rather than Spanish.  Moreover, the
13 allegation that Agent Valenzuela did not explain the Administrative Removal process in Spanish is
14 contradicted by Agent Valenzuela's declaration in Government's Supp. Exhibit 1.

15    Defendant also claims that he did not understand that he had the right to an attorney.
16 Defendant makes this claim based again upon his lack of English proficiency and Agent
17 Valenzuela's use of English to explain the Administrative Removal process.  This allegation is also
18 contradicted by Agent Valenzuela's declaration.  Agent Valenzuela explained to Defendant that he
19 had the right to an attorney and he explained that right to Defendant in the Spanish language.

20    Defendant's declaration also asserts that he was not provided with a list of free attorneys.
21 According to Agent Valenzuela, he always provides a list of free attorneys to subjects in the
22 Administrative Removal process.

23    It is clear that Defendant was made aware of his right to an attorney and provided a list of
24 free attorneys. This Administrative Deportation was not flawed and Defendant's due process rights
25 were not violated.

26 //
27 //
28

# IV

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court deny Defendant's motion to dismiss the Indictment due to an invalid deportation.

DATED: March 11, 2008.

                                        Respectfully submitted,

                                        KAREN P. HEWITT
                                        United States Attorney

                                        s/ A. Dale Blankenship
                                        A. DALE BLANKENSHIP
                                        Assistant United States Attorney
                                        Attorneys for Plaintiff
                                        United States of America
                                        Email: Dale.Blankenship@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LUIS ARNOLDO-AREVALO,<br><br>　　　　　　Defendant. | ) Criminal Case No. 08CR0293-LAB<br>)<br>)<br>) **CERTIFICATE OF SERVICE**<br>)<br>)<br>)<br>)<br>)<br>) |

IT IS HEREBY CERTIFIED THAT:

　　I, A. DALE BLANKENSHIP, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

　　I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S SUPPLEMENTAL RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO:**

**(1) DISMISS THE INDICTMENT DUE TO INVALID DEPORT**

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

　　**Robert L. Swain, Esq., rls11@aol.com**

　　I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

　　**None.**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

　　I declare under penalty of perjury that the foregoing is true and correct. Executed on March 11, 2008.

　　　　　　　　　　　　　　　　　　　　s/ A. Dale Blankenship
　　　　　　　　　　　　　　　　　　　　A. DALE BLANKENSHIP