KAREN P. HEWITT
United States Attorney
A. DALE BLANKENSHIP
Assistant United States Attorney
California State Bar No. 235960
Edward J. Schwartz Federal Building
880 Front Street #6293
San Diego, CA 92101
(619) 557-6199
Dale.Blankenship@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS ARNOLDO-AREVALO,<br><br>Defendant. | Case No.: 08CR0293-LAB<br><br>TABLE OF CONTENTS FOR EXHIBITS IN SUPPORT OF GOVERNMENT'S SUPPLEMENTAL RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT |

| Exhibits | Pages |
|---|---|
| Gov. Supp. Exhibit 1: Declaration of Agent Valenzuela | 1- 6 |

# Government's Supplemental Exhibit 1

KAREN P. HEWITT
United States Attorney
A. DALE BLANKENSHIP
Assistant U.S. Attorney
California State Bar No. 235960
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6199/(619) 235-2757 (Fax)
Email: Dale.Blankenship@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,
Plaintiff,
v.
LUIS ARNOLDO-AREVALO,
Defendant.

Criminal Case No. 07CR0293-LAB

DECLARATION OF IMMIGRATION ENFORCEMENT AGENT FERNANDO VALENZUELA

I, Fernando Valenzuela, hereby declare as follows:

1. I am over the age of 18 and am competent to make this declaration. I have personal knowledge of the facts stated herein.

2. I am employed as an Immigration and Customs Enforcement Agent. I have served in this capacity since August of 2005.

3. In February of 2006, I was working as an Immigration Enforcement Agent. My job consisted of going to state prisons to conduct immigration interviews, and prepare and process immigration documents to include administrative removal proceedings.

4. I am a native Spanish speaker. I read and speak Spanish and English fluently. I am able to interpret from English to Spanish proficiently.

5. I do not specifically remember conducting the administrative removal procedure for Luis Arnoldo-Arevalo on February 10, 2006, but have reviewed the paperwork generated from Arnoldo-Arevalo's Alien file and confirmed my signature on the Form I-851 (the Notice of Intent to Issue a Final Administrative Removal Order), the Final Administrative Removal Order, the Warrant of Removal/Deportation, and the Warning to Alien Ordered Removed or Deported.

6. Although I did not prepare the I-213 for Luis Arnoldo-Arevalo on February 6, 2006, I would have first reviewed that document prior to proceeding with the administrative removal procedures.

7. The I-213 shows that Luis Arnoldo-Arevalo's place of birth was Durango, Mexico, on November 26, 1971. This document also indicates that Defendant was not a lawful permanent resident, that he entered the United States without inspection, and that he was convicted of rape in California Superior Court.

8. I note that the I-213 indicates that Luis Arnoldo-Arevalo was convicted in the Los Angeles Superior Court on January 26, 2001, of rape by force and fear in violation of California Penal Code § 261(A)(2). It is the standard practice for the officer to first collect copies of the certified conviction documents from the Centinela State Prison authorities prior to conducting the administrative removal proceedings.

9. I see that I encountered Luis Arnoldo-Arevalo at Centinela State Prison in Imperial, California, on February 10, 2006, and subsequently on February 21, 2006.

10. When conducting administrative removal procedures in prison in 2006, upon arrival at the prison, I would typically begin by asking which language the subject prefers. If there was any doubt about the ability to proceed in English, I would quickly switch to Spanish.

11. The I-213 demonstrated that Luis Arnoldo-Arevalo was eligible for the administrative removal proceeding. This proceeding is used for aliens who never had any right to enter the United States. An administrative removal enables the alien to be returned to his country of origin more quickly than a hearing before an immigration judge, which often results in delays and further custody for the alien.

12. In order to complete an administrative removal, the Supervisory Detention Deportation Officer of my office made a determination that Luis Arnoldo-Arevalo was deportable as an aggravated felon who was an alien not lawfully admitted to the United States. This determination was made on February 7, 2006.

13. Following that removal decision, I personally served Luis Arnoldo-Arevalo with the I-851 removal documents on February 10, 2006. I first reviewed the allegations with Luis Arnoldo-Arevalo in Spanish. I confirmed that Luis Arnoldo-Arevalo understood that it was alleged that he was not a citizen of the United States, that he was a citizen of Mexico, that he entered the United States without inspection near San Ysidro in 1989, that he was not a lawful permanent resident, and that he was convicted of rape by force/fear on January 26, 2001. Luis Arnoldo-Arevalo confirmed that the allegations were true. I then advised him that he had a right to contest the removal order. Luis Arnoldo-Arevalo admitted the allegations, admitted that he was deportable, and waived his right to contest the removal. He chose to be removed to Mexico.

//

//

14. A review of my handwriting on the second page of the I-851 document indicates that he spoke Spanish. It is my practice to first determine if an individual speaks Spanish or English before proceeding with the administrative removal proceedings. If the individual is a Spanish speaker, I speak to the individual in Spanish. During the removal proceeding I also explain the documents to the individual in Spanish. I also ask the individual if he understood everything that was explained to him and ask if he has any questions.

15. I note that on the second page of the I-851 that it indicates that I explained and served the Notice of Intent to the Luis Arnoldo-Arevalo in the Spanish language. This is indicated by the mark in the box next to the language "I explained and/or served this Notice of Intent to the alien in the — English — Spanish language." This is also indicated by the circle around the word "Spanish" in that same section. It appears from the form that Luis Arnoldo-Arevalo incorrectly signed on the line indicated for the interpreter's signature, and that a mark has been placed through his name. Typically, I place my name and signature in this box because I interpret the form to the alien. From my review of the document, it appears that I did not do this because Luis Arnoldo-Arevalo mistakenly placed his signature there.

16. During the administrative removal proceedings, I explain the portion of the I-851 entitled "Your Rights and Responsibilities." I inform the individual that he may be represented by counsel at no expense to the United States. When I explain this right to be represented by counsel, I also provide the individual with a list of free legal services.

17. It was my practice during administrative removal interviews to stress that removal was a form of deportation, not a voluntary return. For administrative removal proceedings, I emphasized that the alien is not allowed to return to the United States. If the alien was at all hesitant, I would encourage him to check the box that indicated the alien wishes to contest his deportability.

18. Based upon my review of the documents I prepared for Luis Arnoldo-Arevalo, I believe that he understood the administrative removal procedure, and that he chose not to contest his removal order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 3/11/2008

FERNANDO VALENZUELA
Immigration Enforcement Agent
Immigration and Customs Enforcement
Department of Homeland Security