KAREN P. HEWITT
United States Attorney
A. DALE BLANKENSHIP
Assistant United States Attorney
California State Bar No. 235960
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6199/(619) 235-2757 (Fax)
Email: Dale.Blankenship@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0293-LAB |
|---|---|---|
| Plaintiff, | ) ) ) | DATE: March 17, 2008<br>TIME: 2:00 p.m. |
| | ) | STATEMENT OF FACTS AND |
| LUIS ARNOLDO-AREVALO, | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES IN SUPPORT OF |
| Defendant. | ) | GOVERNMENT'S MOTION FOR |
| | ) | RECIPROCAL DISCOVERY AND |
| _____ | ) | FINGERPRINT EXEMPLARS |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

KAREN P. HEWITT, United States Attorney, and A. DALE BLANKENSHIP, Assistant United States

Attorney, and hereby files the attached statement of facts and memorandum of points and authorities

in support of government's motion for reciprocal discovery and fingerprint exemplars.

//

//

//

//

//

//

//

1

# I

## STATEMENT OF THE CASE

On February 6, 2008, a federal grand jury in the Southern District of California returned a one-count indictment charging defendant with attempted entry after deportation, in violation of Title 8, United States Code, Section 1326. On February 7, 2008, Defendant was arraigned on the indictment and entered a plea of not guilty.

# II

## STATEMENT OF FACTS

The Government incorporates by reference the statement of facts provided in the Government's response and opposition to Defendant's motions dated March 10, 2008.

# III

## GOVERNMENT'S MOTIONS

### A.     UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY

The Government has voluntarily complied and continues to comply with the requirements of Rule 16(a). To date, the Government has provided 82 pages of discovery, and 1 cd to Defendant. The United States, pursuant to Rule 16(b), hereby requests defendant to permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of defendant and which he intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of defendant, which he intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom defendant intends to call as a witness. The United States also requests that the court make such orders as it deems necessary under Rule 16(d)(1) and (2) to insure that the United States receives the discovery to which it is entitled.

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except the defendant. The time frame established by the rule requires the statement to be

provided after the witness has testified, as in the Jencks Act.  Therefore, the United States hereby requests that defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the court.  This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

### B.    THE UNITED STATES'S MOTION FOR FINGERPRINT EXEMPLARS SHOULD BE GRANTED

Part of the United States' burden of proof in this case is to satisfy the jury that the Defendant is the same individual who was deported from the United States to Mexico.  To make that showing, the United States will call an expert in fingerprint identification to testify that the Defendant is in fact the individual whose fingerprints appear on the warrant of deportation.  The most efficient and conclusive manner of establishing this information is to permit the expert witness himself to take a set of Defendant's fingerprints for comparison.

Defendant's fingerprints are not testimonial evidence.  See Schmerber v. California, 384 U.S. 757 (1966).  Using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment right against self-incrimination.  See United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968).  The United States therefore respectfully requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert.

### IV

### CONCLUSION

For the foregoing reason, the Government respectfully requests that its motions for reciprocal discovery and fingerprint exemplars be granted.

DATED:  March 11, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

S/ A. Dale Blankenship
A. DALE BLANKENSHIP
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: Dale.Blankenship@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No.  08CR0293-LAB |
| Plaintiff, | )<br>)<br>) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| LUIS ARNOLDO-AREVALO, | )<br>) | |
| Defendant. | )<br>) | |

IT IS HEREBY CERTIFIED THAT:

      I, A. DALE BLANKENSHIP, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

      I am not a party to the above-entitled action.  I have caused service of **NOTICE OF MOTION AND MOTION FOR RECIPROCAL DISCOVERY and FINGERPRINT EXEMPLARS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

      **Robert L. Swain, Esq., rls11@aol.com**

      I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

      **None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

      I declare under penalty of perjury that the foregoing is true and correct. Executed on March 11, 2008.

                            s/ A. Dale Blankenship
                            A. DALE BLANKENSHIP

4