1  **ROBERT L. SWAIN**
   Attorney at Law
2  California Bar No. 144163
   964 Fifth Avenue, Suite 214
3  San Diego, California 92101
   Telephone: (619) 544-1494
4  Facsimile: (619) 544-1473
   e-mail: rls11@aol.com
5
   Attorney for Defendant **Arnoldo-Arevalo**
6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10                     (**HONORABLE LARRY A. BURNS**)

11 | UNITED STATES OF AMERICA,       ) CASE NO. 08-CR-0293-LAB
                                    )
12 |        Plaintiff,               ) DATE-Motions in Limine: June 2, 2008
   | v.                              ) TIME:        2:00 p.m.
13 |                                 ) DATE-Jury Trial: June 3, 2008
   | **LUIS ARNOLDO-AREVALO**,       ) TIME:        9:00 a.m.
14 |                                 )
   |        Defendant.               ) STATEMENT OF FACTS AND
15 |                                 ) MEMORANDUM OF POINTS AND
   |                                 )  AUTHORITIES IN SUPPORT OF
16 | _____ ) DEFENDANT'S MOTIONS.

17                               **I.**

18                      **STATEMENT OF FACTS**

19     According to information provided by the government, on February 13, 2006, a deportation

20 officer in El Centro, California ordered Mr. Arnoldo-Arevalo removed from the United States. This

21 order was apparently executed on February 21, 2006, with Mr. Arnoldo-Arevalo being removed

22 from the United States. The proceedings were initiated by a notice of intent to remove which is

23 dated both February 7, and February 10, 2006. The basis for Mr. Arnoldo-Arevalo's expedited

24 removal was an alleged conviction for an aggravated felony after admission into the United States.

25     Mr. Arnoldo-Arevalo is 36 years old and a long time resident of the United States. He was

26 brought here as a child at the age of five and grew up in his aunt's house in Los Angeles.

27 Unfortunately, he was never enrolled in school and began working in construction as a young child.

28 He later started a family, and has three United States citizen daughters, ages, 13, 11, and 7. He is

alleged to have a single criminal conviction in 2001, and a single removal in 2006. The removal was not a normal deportation after a deportation hearing, but rather an informal expedited removal performed by an immigration officer. The forms pertaining to this informal proceeding are in English, and no Spanish translation was provided to Mr. Arnoldo-Arevalo.

Mr. Arnold-Arevalo was then arrested on January 9, 2008, as he was entering the country at the San Ysidro port of entry. Mr. Arnoldo-Arevalo was said to have presented a counterfeit document as he was entering the country through the pedestrian lane at about 9 o'clock in the morning. He was sent to secondary, where he was identified and arrested.

Mr. Arnoldo-Arevalo was originally named in a single count indictment with attempted entry after deportation in violation of 8 U.S.C. 1326. The matter proceeded through pre-trial motions and was set for jury trial on May 6, 2008. Shortly before trial, the government obtained a superseding indictment charging the same 1326 charge and adding a second count which charged a violation of 18 U.S.C. section 1028A-aggravated identity theft. The parties appeared on April 28, 2008, at which time Mr. Arnoldo-Arevalo was arraigned on the superseding indictment. He requested 30 days to prepare on the new charge but objected to continuing the trial on the original 1326 charge. The court then set trial on both counts for June 3, 2008.

## II.

**COUNT ONE SHOULD BE DISMISSED BECAUSE TRIAL WAS NOT HAD WITHIN THE TIME REQUIRED UNDER THE SPEEDY TRIAL ACT**

The Speedy Trial Act requires a defendant to be tried within seventy days after arraignment on the indictment. U.S.C. § 3161 (c-e). The remedy for violation of this provision of the Speedy Trial Act is dismissal of the indictment. See U.S.C. § 3161(a)(2). Congress has mandated strict time requirements in the Speedy Trial Act and if they are not met, the courts have no discretion but to dismiss. United States v. Tertrou, 742 F.2d 538, 540 (9th Cir. 1984). Citing United States v. Antonio, 705 F.2d 1483, 1485 (9th Cir. 1983).

Here, the defendant was arraigned on the first indictment on February 7, 2008, and a not guilty plea was entered. On March 17, 2008, the parties appeared for the pre-trial motion hearing,

at which time the motions were ruled on, and jury trial was set for May 6, 2008, which was just within the 70 day limit (excluding the time that the pre-trial motions were pending). However, on April 28, 2008, the parties appeared for arraignment on the superseding indictment, which charged the same original 1326 charge in count one, and added an additional count under 18 U.S.C. section 1028A, alleging aggravated identity theft. Mr. Arnoldo-Arevalo sought his speedy trial rights on count one, and requested the court sever the counts in order to allow trial to proceed on the 1326 charge, and set the new charge for further proceedings. The court denied this request, and Mr. Arnoldo-Arevalo's right to be tried on the 1326 charge within 70 days has thus been violated. For this reason, the court should dismiss count one pursuant to 18 U.S.C. section 3162(a)(2).

### III.
### COUNT TWO SHOULD BE DISMISSED BECAUSE IT WAS NOT BROUGHT WITHIN 30 DAYS OF ARREST

The Speedy Trial Act requires any indictment be filed within thirty days from the date of arrest under § 3161(b). 18 U.S.C. § 3161(b); United States v. Pollock, 726 F.2d 1456, 1462 (9th Cir. 1983); United States v. Heldt, 745 F.2d 1275, 1280 (9th Cir. 1984).

The test for determining whether a charge should have been charged in the original indictment is whether the offenses to be dismissed are apparent on the face of the complaint or original indictment. Id. If the charges in any subsequent indictment arise under the same statute as the charges in the original indictment, they must still comply with the thirty-day time limit of 3161(b). See United States v. Palomba, 31 F.3d 1456, 1463 (9th Cir. 1994).

In this case, the Government arrested Mr. Arnoldo-Arevalo on January 9, 2008, and initially indicted Mr. Arnoldo-Arevalo with having violated only 1326, not both 1326 and 1028A. The Superseding Indictment filed on April 28, 2008, included counts for both 1326 and 1028A, but because the facts upon which the Superseding Indictment is predicated were present at the time of Mr. Arnoldo-Arevalo's arrest, the time calculation for purposes of the STA began on January 9. 2008, for both the 1326 count *and* the 1028 count in the Superceding Indictment.

All facts relied upon for the 1028A count of the Indictment were present at arrest. The

complaint read in relevant part as follows:

> On January 9, 2008 at approximately 0850 hours, a male later identified as **Luis ARNOLDO-Arevalo (Defendant)** made application for admission into the United States from Mexico at the pedestrian entrance of the San Ysidro, California Port of Entry. Defendant was traveling alone. Defendant presented a B1/B2 Border Crossing Card (Form DSP-150) bearing the name Agustin Gonzalez-Torres as his entry document to a Customs and Border Protection (CBP) Officer. Defendant also presented a Mexican Driver's License and a Mexican Voter's Card. Defendant stated he was going to San Ysidro, California. The CBP Officer noticed the entry documents appeared to be counterfeit and escorted Defendant to secondary inspection.
>
> In secondary, Defendant's fingerprints were obtained and queried through the Integrated Automated Fingerprint Identification System (IAFIS) and the Automated Biometric Identification System (IDENT). Results of IAFIS and IDENT queries, revealed Defendant's identity and linking him to FBI and Immigration Service records.
>
> Queries of Immigration Service records including Central Index System (CIS) and the Deportable Alien Control System (DACS) identified Defendant as a citizen of Mexico with no legal documents to enter the United States. DACS information indicates that on or about February 21, 2006 Defendant was removed from the United States to Mexico. Defendant was subsequently removed from the United States to Mexico through Calexico, California. Immigration service records contain no evidence that Defendant has applied for or received permission from the Attorney General of the United States, or his designated successor, the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a videotaped proceeding Defendant was advised of his Miranda Rights. Defendant acknowledged his rights and agreed to answer questions without the benefit of counsel. During a subsequent interview, Defendant admitted he is a citizen of Mexico by birth in Durango, Durango, Mexico. Defendant admitted he possesses no documents or other benefit that would permit his legal entry into the United States. Defendant admitted that a male friend in Tijuana provided him with the counterfeit documents he presented at primary inspection. Defendant admitted he intended to enter the United States and travel to San Ysidro, California. Defendant admitted that he has been previously removed from the United States. Defendant admitted that he has never applied for permission to legally enter the United States.

Thus, the Court should calculate time under the STA beginning at the arrest date on January 9, 2008, for *both* counts, and find the Government violated the STA as to count two due to the Superseding Indictment being filed more than thirty days after arrest. The court should therefore dismiss count two.

### IV.

**COUNT TWO SHOULD BE DISMISSED BECAUSE THE INDICTMENT IS DEFECTIVE**

**A.    Motion to Dismiss Count Two Because it Fails to Allege All Elements of the Charged Offense**

Count two must be dismissed because the government has failed to properly allege all elements of the offense. The Fifth Amendment requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . .." Consistent with this Constitutional requirement, the Supreme Court has held that an indictment must "<u>fully, directly, and expressly, without any uncertainty or ambiguity</u>, set forth all the elements necessary to constitute the offense intended to be punished." United States v. Carll, 105 U.S. 611, 612-13 (1881) (emphasis added). It is black letter law that an indictment that does

1 not allege an element of an offense, even an implied element, is defective, and should be dismissed. See, e.g., Russell v. United States, 369 U.S. 749, 769-72 (1962); Stirone v. United States, 361 U.S. 212, 218-19 (1960); United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999); United States v. Keith, 605 F.2d 462, 464 (9th Cir. 1979).

In this case, count two charges a violation of Title 18, United States Code, Section 1028(A). 1028A proscribes that "whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." The Ninth Circuit has yet to rule on the elements of this offense, but the plain language of the statute indicates that both that the defendant must know that he has the identify documents of another person, and that it has to be the documents of an actual person. Count two of the indictment reads, however,

> On or about January 9, 2008, within the Southern District of California, defendant LUIS ARNOLDO-AREVALO, during and in relation to a violation of Title 8, United States Code, Sections 1326(a) and (b), knowingly possessed and used, without lawful authority, a means of identification of another person, to wit: United States B1/B2 VISA and Border Crossing Card in the name of Agustin Gonzalez Torres; in violation of Title 18, United States Code, Section 1028A(a)(1).

Count Two does not therefore set forth all the elements of the offense, and "if an element is necessary to convict, it is also necessary to indict, because elements of a crime to not change as criminal proceedings progress." United States v. Hill, 279 F.3d 731,741 (9th Cir. 2002). To properly charge a violation of 1028A, the government is obligated to charge all elements relating to aggravated identity theft of a specific person, and knowledge that a real person's identity was stolen.

With respect to count two, at a minimum, the Superseding Indictment should have charged that 1) the visa belongs to a real person, 2) the visa was stolen from that person, and 3) that the defendant knew that the visa belonged to a real person when he attempted to use it. Because count two of the indictment fails to do so, it should be dismissed. United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999).

**B.      The Court Should Dismiss Count Two Because it Violates Mr. Arnoldo-Arevalo's Right to Presentment.**

As a corollary to the above argument, the indictment should be dismissed because it violates Mr. Arnoldo-Arevalo's right to presentment. Mr. Arnoldo-Arevalo has a Fifth Amendment right to have a grand jury pass upon those facts necessary to convict him at trial The indictment in this case violates Mr. Arnoldo-Arevalo's right to presentment in two ways. First, the language in count two does not ensure that the grand jury actually found probable cause that the there was an actual person whose identity was stolen. Second, that the grand jury was not required to find probable cause to believe that Mr. Arnoldo-Arevalo knew that the document was one of an actual person.

The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. Amend. V. The Sixth Amendment provides that "[i]n all criminal prosecutions the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . . ." U.S. Const. Amend. VI. Thus, a defendant has a constitutional right to have the charges against him presented to a grand jury and to be informed of the grand jury's findings via indictment. See Russell v. United States, 369 U.S. 749, 763 (1962) (An indictment must "contain[] the elements of the offense intended to be charged, and sufficiently apprise[] the defendant of what he must be prepared to meet.").

To be sufficient, an indictment must allege every element of the charged offense. See United States v. Morrison, 536 F.2d 286, 287 (9th Cir. 1976) (citing United States v. Debrow, 346 U.S. 374 (1953)). Indeed, in order to be sufficient, an indictment must include implied elements not present in the statutory language. See Du Bo, 186 F.3d at 1179. "If an element is necessary to convict, it is also necessary to indict, because elements of a crime do not change as criminal proceedings progress." United States v. Hill, 279 F.3d 731, 741 (9th Cir. 2002). An indictment's failure to "recite an essential element of the charged offense is not a minor or technical flaw . . . but a fatal flaw requiring dismissal of the indictment." Du Bo, 186 F.3d at 1179.

For the reasons set forth above, Mr. Arnoldo-Arevalo's right to have the grand jury pass on

1 | a finding of probable cause on elements of the offense was violated and count two should be
2 | dismissed for this reason as well.

## V.
## CONCLUSION

For the reasons stated, Mr. Arnoldo-Arevalo requests that this Court grant his motions.

Respectfully submitted,

/s/ Robert L. Swain

Dated: May 19, 2008   **ROBERT L. SWAIN**

Attorneys for Mr. Arnoldo-Arevalo