```
                                    FILED
                              2008 AUG 25  PM 4:04
                              CLERK US DISTRICT COURT
                              SOUTHERN DISTRICT OF CALIFORNIA

                              BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 08CR0293-LAB |
|---|---|
| Plaintiff, | **ORDER DENYING APPLICATION FOR EXCESS FEES** |
| vs. | |
| LUIS ARNOLDO-AREVALO, | |
| Defendant. | |

Attorney Robert Swain[1], a member of the Criminal Justice Act Panel ("CJA Panel") – a panel of lawyers who are regularly appointed to represent defendants – has submitted a payment voucher in this case seeking payment of $10,731.60 (including $51.60 in expenses) for his representation of defendant Luis Arnoldo-Arevalo for the period of January 24, 2008 through June 11, 2008. The fee requested is in excess of the $7,000, plus expenses, maximum fee authorized under the Criminal Justice Act 18 U.S.C. § 3006A(d)(2). To qualify for compensation in excess of the statutory maximum, counsel must show the case was either extended or complex. 18 U.S.C. § 3006A; *United States v. Carnevale*, 624 F. Supp. 381, 386 (D.R.I. 1985).

///

///

---

[1] The Court is very familiar with Mr. Swain. He is experienced, effective, reasonable, and a zealous advocate for his clients. Our district court is fortunate to have him as a member of the Criminal Justice Act Panel. The Court's partial rejection of the voucher in question does not, in any sense, reflect negatively on the competency or professionalism of Mr. Swain.

In support of his application, Mr. Swain recites the efforts he undertook in the course of representing Mr. Arnoldo-Arevalo, maintaining the case was complex even though the defendant pled guilty.

The Court has evaluated Mr. Swain's recitals and considered the work he performed on behalf of the defendant against the backdrop of what is generally expected of CJA Panel attorneys in representing their clients. After review, the Court finds that Mr. Swain acted professionally and competently, and that he secured a reasonable resolution of the matter for his client. However, the Court does not find the efforts undertaken by Mr. Swain were so taxing or extraordinary so as to justify payment of fees in excess of those set by statute and determined to be reasonable in the ordinary case. Despite the relative novelty of one of the charges, this case was an ordinary case that required ordinary effort.

The Court finds counsel's voucher and supporting documents do not "justify a confident conclusion that [the requested] excess compensation is essential to fairness." *Bailey*, 581 F.2d at 990. The application for excess fees is accordingly **DENIED**. The voucher request is authorized for the total sum of $7051.60, the maximum fees including expenses authorized under the Criminal Justice Act 18 U.S.C. § 3006A(d)(2).

**IT IS SO ORDERED.**

DATED: 8-22-08

HONORABLE LARRY ALAN BURNS
United States District Judge